UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DARLENE SKIDGELL,            )<br>                                           )<br>            Plaintiff,            )<br>                                           )<br>    v.                                   )<br>                                           )<br>ADAIR BOWLBY, M.D.,       )<br>                                           )<br>            Defendant.            )  | Docket No. 04-CV-268-P-S |

### ORDER ON PLAINTIFF'S SECOND MOTION IN LIMINE

SINGAL, Chief District Judge

Before the Court is Plaintiff's second Motion In Limine (Docket # 48). Through this motion, Plaintiff seeks to exclude from evidence the findings (hereinafter, "the findings") of the medical malpractice prelitigation screening panel (hereinafter, "the panel") regarding Adair Bowlby, M.D. For the reasons set forth below, the Court DENIES Plaintiff's motion in limine.

Plaintiff Darlene Skidgell and Defendant Adair Bowlby, M.D. appeared before a mandatory prelitigation screening panel as required under the Maine Health Security Act, 24 M.R.S.A. § 2851-2858. The panel unanimously found that Dr. Bowlby was negligent, but also unanimously found against Plaintiff on the issues of causation and comparative negligence. (Pl. Mot. In Limine (Docket # 48) at 2.)

Under 24 M.R.S.A. § 2857(1)(B), findings that are unfavorable to the person accused of professional negligence, here Dr. Bowlby, are admissible in court proceedings only when the panel unanimously makes findings unfavorable to the person on the questions of both negligence and causation. However, a unanimous panel finding unfavorable to the claimant, here Darlene Skidgell, as to either question, are admissible in court proceedings. 24 M.R.S.A. § 2857(1)(C). Thus, under 24 M.R.S.A. § 2857, the panel finding that Dr. Bowlby was negligent would not be

admissible in court proceedings, but the finding that Dr. Bowlby was not the proximate cause of the injury would be admissible.

However, the Supreme Judicial Court recently considered the constitutionality of 24 M.R.S.A. § 2857, and found that such asymmetrical introduction of evidence violates the Plaintiff's right to a jury trial under the Maine Constitution. Smith v. Hawthorne, 892 A.2d 433, 439-40 (Me. 2006). The Law Court did not explicitly state the remedy for the asymmetrical rule. However, it did note that "precisely because both negligence and causation have to be found by a jury for there to be liability, both panel findings are relevant to the jury's deliberations." Id. at 439. As both panel findings are relevant, it makes far more sense to admit all of the panel's findings than to exclude them altogether.

Plaintiff also seeks exclusion of the panel findings under Rule 403 of the Federal Rules of Evidence, and argues that allowing the panel findings would be unfairly prejudicial and would confuse and mislead the jury. (Pl. Mot. In Limine (Docket # 48) at 3-5.) Admitting evidence that indicates that the Defendant did not cause Plaintiff's injury will certainly prejudice Plaintiff. However, Rule 403 allows exclusion of evidence only if it is unfairly prejudicial. This Court does not find unfair prejudice in allowing in the findings of the panel. The First Circuit has previously ruled that such findings are "highly relevant," and that the danger of unfair prejudice can be averted by handling the issue "gingerly" and giving appropriate cautionary instructions. Daigle v. Maine Medical Center, Inc., 14 F.3d 684, 690 (1st Cir. 1994). Plaintiff's Motion *In Limine* (Docket # 48) is therefore **DENIED**.

Notwithstanding this ruling, Plaintiff is free to raise any specific objections to Defendant's mode of presentation at trial.

SO ORDERED.

/s/ George Z. Singal_____
United States Chief District Judge

Dated this 2nd day of May, 2006.