UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DARLENE SKIDGELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADAIR BOWLBY, M.D., )<br>)<br>Defendant. ) | Docket No. 04-CV-268-P-S |

ORDER ON PLAINTIFF'S MOTION IN LIMINE REGARDING
CENTRAL MAINE GASTROENTEROLOGY

SINGAL, Chief District Judge

Before the Court is Plaintiff's Motion In Limine (Docket # 59), which seeks to exclude from evidence the testimony of Susan Miller and Madeline LaPierre, as well as any administrative documents from Central Maine Gastroenterology. For the reasons set forth below, the Motion is GRANTED as to the witnesses and DENIED WITHOUT PREJUDICE as to the administrative documents.

On January 12, 2005, Magistrate Judge David Cohen issued a Scheduling Order (Docket # 4), in which he ordered discovery due by June 15, 2005, and set February 9, 2005 as the deadline for disclosure pursuant to Fed. R. Civ. P. 26(a)(1).

A final pretrial conference was held before Judge Cohen on March 24, 2006. In his report, Judge Cohen noted that "a discovery cut-off date of June 15, 2005 has been previously established herein. Counsel advised the court at the conference that there are no outstanding discovery issues requiring action by the court." (Report of Final Pre-Trial Conference and Order (Docket # 50) at 2-3.) In preparation for the final pretrial conference, Local Rule 16.4(b) requires that each party file a final pretrial memorandum that lists "the names and addresses of all witnesses the party intends to call at trial" no later than five business days prior to the final

pretrial conference. Parties must also include "a list of the documents and things the party intends to offer as exhibits at trial" in this memorandum. In short, by the time of the pretrial conference both parties should have disclosed their witness and exhibit lists to the opposing party. Defendant's Final Pre-Trial Memorandum (Docket # 43) did not list Susan Miller or Madeleine LaPierre as witnesses, but did list as an exhibit "miscellaneous medical records of Plaintiff." Id. at 5.

However, on April 12, 2006 and without leave of the Court, Defendant submitted a Supplement to Witness and Exhibit List (Docket # 58), which, for the first time, listed Susan Miller and Madeleine LaPierre, both employees of Central Maine Gastroenterology, as witnesses. It also listed for the first time, under the category of Additional Exhibits, "all office records, administrative records and patient records of Central Maine Gastroenterology including but not limited to patient charts and records recently received from counsel for Central Maine Gastroenterology." Id. at 1.

Defendant does not contest that he failed to list these witnesses or exhibits before the discovery deadline, but does not offer any explanation for his delay. He has also offered no argument as to why this belated disclosure does not violate Rule 26(a)(1) or Local Rule 16.4(b). In his Objection to Plaintiff's Motion In Limine (Central Maine Gastroenterology Witnesses) (Docket # 72), Defendant argues that Plaintiff should not have been surprised by the addition of these witnesses and documents, as previously defense filings have referenced various doctors and their offices, and Plaintiff herself has discussed her experience with office staff in various filings and depositions.

Defendant cites no case law that supports the proposition that lack of surprise somehow cures violations of Rule 26 and Local Rule 16.4. It is not the Plaintiff's obligation to attempt to predict or guess what witnesses or documents the Defendant will introduce at trial. Under Fed.

R. Civ. P. 37(c)(1), a party that, without substantial justification, fails to disclose such discoverable information in accordance with Fed. R. Civ. P. 26 is not permitted to use such evidence at trial, unless the failure is harmless. See also Edwards v. Fiddes & Son, 216 F.R.D. 18, 20 (D. Me. 2003); Klonoski v. Mahlab, 156 F.3d 255, 268, 271 (1st Cir. 1998).

Defendant has offered no substantial justification for his failure to comply with the discovery deadlines as to the witnesses. Defendant's failure to disclose the witnesses was also not harmless, as Defendant's tardiness prevented Plaintiff from deposing the proposed witnesses and undertaking a more thorough investigation of their possible testimony. Plaintiff's Motion as to the witnesses is therefore GRANTED, and the Court hereby EXCLUDES from trial the testimony of Susan Miller and Madeleine LaPierre. However, the Court does not foreclose the possibility that these witnesses could be permitted for rebuttal testimony. That issue is reserved to trial, and will depend upon the state of the evidence.

Defendant also offers no justification for his failure to comply with the discovery deadlines as to the administrative documents. However, it is not clear whether these exhibits could fall under the "miscellaneous medical records" exhibit listed in Defendant's Final Pre-Trial Memorandum (Docket # 43). Moreover, Plaintiff's Motion states that the Central Maine Gastroenterology documents listed on Defendant's Supplement to Witness and Exhibit List (Docket # 58) were not known to either party prior to April 10, 2006. (Pl. Mot. In Limine (Docket # 59) at 3). Although Defendant does not argue that the documents were newly discovered in his Objection to Plaintiff's Motion in Limine (Docket # 72), it is not clear to the Court whether these documents were disclosed in the Pre-Trial Memorandum, were newly discovered, or were simply inexcusably withheld by the Defendant. The Court therefore

DENIES WITHOUT PREJUDICE Plaintiff's Motion in Limine (Docket # 59) as to the Central Maine Gastroenterology records. Plaintiff is free to renew her objection at trial.

    SO ORDERED.

                                          /s/ George Z. Singal
                                          United States Chief District Judge

Dated this 3rd day of May, 2006.

4